USDC IN/ND case 2:25-cv-00196-TLS-AZ   document 2   filed 03/31/25   page 1 of 4

64D02-2503-CT-003491

Filed: 3/31/2025 3:38 PM
Clerk
Porter County, Indiana

Porter Superior Court 2

| STATE OF INDIANA | | IN THE PORTER SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | SS: | |
| COUNTY OF PORTER | | |

KIMBERLY STANTON and
DANIEL STANTON,

               Plaintiffs,

v.

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,

               Defendant.

CAUSE NO:

# COMPLAINT

COMES NOW **Kimberly Stanton and Daniel Stanton** ("Plaintiffs"), by counsel, Ashford DiMartino, P.C., for their claims against **State Auto Property and Casualty Insurance Company** ("Defendant") states as follows:

### THE PARTIES

1)    At all times relevant herein, Plaintiffs have been residing in Porter County, Indiana.

2)    At all times relevant hereto, Plaintiffs owned certain real estate and improvements located at 749 South 800 West, Hebron, IN 46341 (the "Residence").

3)    At all times relevant hereto, Defendant is and has been an Indiana insurance company.

4)    At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue insurance policies to Indiana residents and has been doing business in accordance therewith.

### THE POLICY

5)    At all times relevant hereto, Defendant issued a Homeowner's Policy, Policy

Number 1000244833 to Plaintiffs (the "Policy"), which specifically covered the Residence. [A copy of the Policy is herein attached as "Exhibit A".]

6)  The Policy provides coverage for accidental direct physical loss to the Residence.

7)  Plaintiffs paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

8)  The Policy remained in force throughout the duration of the Term and thereafter was renewed.

### THE CLAIMS

9)  On or about 3/31/2023, Plaintiffs' Residence sustained damage from an accidental, direct physical loss (the "Loss").

10)  Shortly thereafter, Plaintiffs reported their claim to Defendant.

11)  Defendant received timely notice of the damage claim, and further assigned it Claim Number PR-0000000-486454 (the "Claim"), with a date of loss of March 31, 2023.

12)  Plaintiff timely provided proof of loss, including an estimate of the cost of repair or replacement of the damaged property.

13)  Defendant inspected the property and determined that it was a covered loss, however the parties were unable to agree on the amount of loss.

14)  After the parties were unable to agree to the amount of loss, Plaintiff timely submitted a demand for an appraisal of the Loss in accordance with the Policy and identified Ben Perry of Coastal Claims as its appraiser.

15)  Thereafter, Defendant identified Jim Lakes as its appraiser.

16)  The appraisers thereafter agreed to the appointment of Matt Dugan of Dugan Consulting Services as Umpire.

17) The appraisal process has been delayed due to delay and/or inaction of Defendant's Appraiser, and an appraisal award could not be issued within the limitation period for filing suit.

18) The Policy provides "(n)o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

19) Plaintiffs fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

20) Plaintiffs have not excused Defendant's non-performance of its obligations under the Policy.

21) Plaintiffs have satisfied any and all preconditions to coverage, or to filing suit, or the same have been waived by Defendant.

22) Plaintiffs are filing this lawsuit to preserve their rights under the Policy, and to ensure that they may recover upon the Appraisal Award when entered.

23) WHEREFORE, Plaintiff **Kimberly Stanton and Daniel Stanton**, by counsel, respectfully requests judgment in their favor and against Defendant **State Auto Property and Casualty Insurance Company**, and further requests the following relief:

    A. For the Appraisal to completed pursuant to the Policy;

    B. That upon issuance of an Appraisal Award, that they be awarded all benefits available pursuant to the Policy; and

    C. For all other just and proper relief in the premises.

    Respectfully submitted,

    ASHFORD DIMARTINO, P.C.

                /s/ C. Anthony Ashford
                Attorney for Plaintiffs
                334 W. 806 N.
                Valparaiso, IN 46385
                P: (219) 728-5210
                F: (219) 728-2052
                tony@ashforddimartino.com

## CERTIFICATE OF FILING

*I certify that on March 31, 2025, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).*

                BY: /s/ C. Anthony Ashford